Oneal v. Smith.

PETER ONEAL v. V. W. SMITH et al.

1. SURETY AND PRINCIPAL. *When a surety may file a bill.* A surety cannot, without having paid the debt or sustained loss, before any judgment has been rendered against him, file a bill to set aside a fraudulent conveyance by his principal and have the property subject to the payment of the debt, without bringing the creditor into court as a party.

2. INNOCENT PURCHASER. *Pre-existing debt.* A conveyance of land, in payment of a pre-existing debt, does not put the grantee in the position of innocent purchaser for value.

FROM MONTGOMERY.

Appeal from the Chancery Court at Clarksville. C. W. TYLER, J., by interchange.

HOUSE & MERRITT for Oneal.

SMITH & LURTON for Smith.

DEADERICK, C. J., delivered the opinion of the court.

The bill alleges that the defendants, V. W. Smith & Co. and Trice & Outlaw, borrowed of one Wiley

Smith the sum of $2,200, and that complainant became their surety on a note for the same.

It is further alleged that V. W. Smith & Co., bought and paid for a tract of two hundred and forty-three acres of land, described in the bill, and for the purpose of hindering and delaying their creditors, had it conveyed to M. L. Smith, wife of said V. W. Smith; that said V. W. Smith borrowed of defendants, Herndon & Gold, about $700, and in order to secure the amount loaned him he united with his wife in the conveyance of said tract of land to defendants Herndon & Gold, who then sold to V. W. Smith, taking his note and executing title bond.

It is alleged that Herndon & Gold had filed their bill and procured a decree for the sale of the land to pay the note. An injunction was awarded to stay the sale, an attachment was also issued and levied on the land. The bill prays that the sale to Herndon & Gold and from them to V. W. Smith be set aside as fraudulent, and the land be sold as the property of V. W. Smith & Co., to pay the debt due to Wiley Smith's estate.

The defendants Herndon & Gold moved to dismiss the bill for want of equity, and this motion being overruled, they answered, admitting that they bought of Smith, and he procured his wife to convey with him and that in payment they surrendered to Smith his notes, and then sold to Smith, making title bond and taking his notes for the price. They deny all knowledge of the interest of the other members of the firm in the land and deny all fraud.

Judgments *pro confesso* were taken against the members of the two firms and the court held that Herndon & Gold were innocent purchasers, and dismissed complainant's bill, and he has appealed.

It appears that complainant was acceptor of a bill of exchange drawn by said two firms, which one of the partners swears was for the benefit and use of both firms.

The creditor holding the bill is not made a party, nor his representative, if dead.

The accommodation endorser only brings this bill, and it is not alleged or proved that any judgment has been rendered against him, or that he has paid the debt or any part.

In *Williams* v. *Tipton*, 5 Hum., 66, and *Gilliam* v. *Esselman*, 5 Sneed, 85, it is held that a surety cannot have relief without bringing both debtor and creditor before the court: See also 1 Heis., 589; 3 Heis., 533, and cases there cited.

In 1 Heis., 582, cited in 3 Heis., 533, it is said a surety, before payment of the debt, is a creditor in such a sense as that he may bring his principal and the creditor into a court of equity and obtain exoneration out of the property fraudulently conveyed by the former, or its proceeds in the hands of any one who is not a *bona fide* purchaser without notice.

The sole consideration from Herndon & Gold to Smith, for the conveyance by Smith and wife to them, consisted in the notes of Smith which were surrendered to him, at the time of the conveyance. And it is held in this State that a conveyance of land in

Oneal v. Smith.

payment of a pre-existing debt, does not put the grantee in the position of an innocent purchaser for value.

It also appears that the land belonged to the firm of Smith & Co., and was liable to be subjected to the payment of their debts, it being clear from the evidence that it was fraudulently procured to be conveyed to Mrs. Smith, for the purpose of hindering and delaying the creditors of said firm. But it has never been held in this State that a surety, conceding that an accommodation endorser occupies that relation to the principal debtor, may, without having paid the debt or sustained loss, before any judgment has been rendered against him, file his bill to set aside a fraudulent conveyance and have the property so conveyed subject to the payment of the debt, without bringing the creditor also into court, as a party.

The chancellor's decree, so far as it holds Herndon & Gold protected under the plea of innocent purchasers, is erroneous. But no decree can be pronounced in favor of the complainant, because he cannot have the relief he asks, not having paid the debt, nor even suffered judgment thereon, and the creditor not being a party to this cause. In the case cited in 3 Heis., it was ordered that the cause be remanded to the end that the creditor be made a party, and that his claim be produced and the proper decree made.

This cause will be remanded that proper parties be made, and for further orders and decrees by the chancellor.

The decree below will be reversed and the complainant will pay the costs of this court.